UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| JOSEPH HESS, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 10-160-ART |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| KAREN HOGSTEN, | ) | **& ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Joseph Hess, an individual currently incarcerated at the Federal Correctional Institution in Manchester, Kentucky, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. R. 2. Hess challenges the Bureau of Prisons' ("BOP") refusal to grant him prior custody credit for time he spent in federal custody before he began serving his 135-month sentence. *Id.* The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *see Harper v. Thoms*, 51 F. App'x 517, 518 (6th Cir. 2002). Because it "appears from [his] application that [Hess] is not entitled to" a writ of habeas corpus, 28 U.S.C. § 2243, his petition is denied.

## BACKGROUND

The Court holds a *pro se* pleading to less stringent standards than pleadings that are drafted by attorneys. *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001) (citing *Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972)). For the purposes of this initial screening, the Court takes Hess's factual allegations as true and liberally construes them

in his favor. *Id.* Hess's petition and supporting documentation reveal the following facts:

On September 13, 2002, a Virginia state court sentenced Hess to four years in prison. R. 5, Attach. 1. While Hess was serving his state sentence, on March 24, 2004, he was transferred to federal custody to face federal narcotics and weapons charges. *Id.*; R. 2 at 2. Hess's state sentence ended on September 29, 2004, while he was still in federal custody. R. 5, Attach. 1. A jury found Hess guilty of the federal charges and Judge Glen M. Williams of the United States District Court for the Western District of Virginia sentenced him to 135 months in prison. Hess's federal sentence began on November 30, 2004. *Id.* Hess and his co-defendant, James Stillwell, appealed their convictions and sentences. *United States v. Stillwell*, 170 F. App'x 283 (4th Cir. 2006). The Fourth Circuit affirmed Hess's conviction but remanded to the district court for re-sentencing because the court improperly viewed the sentencing guidelines as mandatory in violation of *Booker*. *Id.* at 284 (citing *United States v. Booker*, 543 U.S. 220 (2005)). Judge Williams re-sentenced Hess on May 12, 2006. He imposed the same 135-month sentence as before, but tacked on the following short notation: "The defendant shall be given credit for time already served in this case." R. 5, Attach. 3.

In calculating Hess's sentence, the BOP gave him credit for the period from September 30, 2004—the day after his state sentence ended—to November 30, 2004—the day his federal sentence began. Hess believes that he should also receive credit for the period from March 25, 2004—the day after he was transferred from state to federal custody—to September 29, 2004. Hess wrote a letter to Judge Williams on November 26, 2008, complaining about the BOP's calculation of his sentence. R. 5, Attach. 3. Judge Williams responded in a letter dated January

2

21, 2009. R. 2, Attach. 1. Judge Williams recommended that Hess file a formal request with the BOP seeking the prior custody credit. Judge Williams further advised Hess that if he was not satisfied with the BOP's decision his remedy would be to file a habeas corpus petition pursuant to 28 U.S.C. § 2241 in federal court in his district of incarceration. *Id.*

Hess pursued administrative remedies within the BOP. He formally requested credit for the period from March 25 to September 29, 2004. R. 5, Attach. 4. A BOP official rejected Hess's request, advising him that "[p]ursuant to 18 U.S.C. § 3585(b), jail credit cannot be applied to a federal sentence for time spent in service of a state sentence." *Id.* Hess appealed this decision to a higher level within the BOP, and the BOP again rejected his claim. R. 5, Attach. 1. The BOP again informed Hess that it would not provide prior custody credit for March 25 to September 29, 2004, because that time had been credited toward Hess's state sentence. *Id.* Having failed to obtain his requested relief at the administrative level, Hess filed a habeas petition in this Court pursuant to 28 U.S.C. § 2241.

## DISCUSSION

The Court has an obligation to screen Hess's habeas petition under 28 U.S.C. § 2243. That section directs a court "entertaining an application for a writ of habeas corpus" to "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto*." § 2243 (emphasis added). Thus, the Court should dismiss a habeas petition that is "frivolous [ ] or obviously lacking in merit." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970); *see also Small v. Endicott*, 988 F.2d 411, 414 (7th Cir. 1993) ("When the face of the petition plus

3

any annexed exhibits plainly show that the petitioner is not entitled to relief, the district court can summarily dispose of the matter without . . . ordering the state to respond.").

Hess's petition plainly lacks merit. Hess asks for prior custody credit for the time he spent in federal custody from March 25 to September 29, 2004. But the applicable statute and governing case law in this circuit clearly establish that Hess is not entitled to the prior custody credit he requests because that time was credited toward his state sentence. The federal statute governing sentence computation provides, in pertinent part, that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed . . . *that has not been credited against another sentence*." 18 U.S.C. § 3585(b) (emphasis added). Therefore, even if a defendant is in federal custody prior to the commencement of his federal sentence, he will not receive credit for any time that is credited against a state sentence. That is because § 3585(b) prohibits awarding a prisoner "double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992).

Applying this rule, the Sixth Circuit rejected a claim that was nearly identical to Hess's habeas claim in *Bridgeman v. Bureau of Prisons*, 112 F. App'x 411 (6th Cir. 2004). In *Bridgeman*, the petitioner, like Hess, was serving a state sentence when he was taken into federal custody. *Id.* at 412. Seven months later, the petitioner pled guilty to federal bank robbery charges and received a sentence of 103 months in prison. *Id.* His state sentence expired nine days after his federal sentence began. *Id.* The petitioner, like Hess, sought credit for the time that he spent in federal custody before his federal sentence began, even though that time had been credited

4

toward his state sentence. *Id.* The Sixth Circuit flatly rejected his claim—because the petitioner "received credit on his state sentence for the time he spent in federal custody prior to the commencement of his federal sentence," 18 U.S.C. § 3585(b) clearly stated that he could "not receive credit for this time on his federal sentence." *Id.* at 413. Otherwise, the petitioner "would be receiving improper double credit." *Id.* Just as the Sixth Circuit rejected the petitioner's request for prior custody credit in *Bridgeman*, so too must this Court reject Hess's request for prior custody credit in this case. Hess's state sentence ended on September 29, 2004. Therefore, the period from March 24 to September 29, 2004 was credited toward his state sentence. As such, § 3585(b) and *Bridgeman* clearly provide that Hess is not entitled to prior custody credit against his federal sentence for that period.

Neither Hess's amended sentence nor the letter from Judge Williams change this result. Although the amended sentence directed that Hess "be given credit for time already served in this case," R. 5, Attach. 3, this was clearly not a direction that he be given credit for the period from March 24 to September 29, 2004. Instead, Judge Williams added this notation to Hess's sentence after he amended the sentence in 2006 on remand from the Fourth Circuit. The clear import of the notation is that it directed the BOP to give Hess credit for the time from the imposition of the original sentence to the imposition of the amended sentence. That notation does not, however, direct that Hess receive credit for the time he spent in federal custody *before* his first sentence was imposed that was credited against his state sentence.

Judge Williams's letter to Hess does not help his argument either. That letter does not, as Hess claims, "verify[] that [he is] to be credited with the time served in federal custody from

5

March 25, 2004, up to and including November 30, 2004." R. 2 at 5. Instead, the letter simply informs Hess that, "depending on the Bureau of Prisons' method for crediting time served, it *may be the case* that you should receive credit for the time you served pending trial and sentencing." R. 2, Attach. 1 (emphasis added). The letter went on to direct Hess to present his claim to the BOP. The BOP's "method for crediting time served" is codified at 18 U.S.C. § 3585(b), which, as previously explained, clearly provides that Hess may not receive credit for the time he spent in federal custody before his federal sentence began that was credited toward his state sentence.

The BOP has already awarded Hess prior custody credit for the period from September 30 to November 30, 2004. *See* R. 5, Attach. 1. And under § 3585(b), that is all he is entitled to. Therefore, "it appears from [Hess's] application that [he] is not entitled to" a writ of habeas corpus. 28 U.S.C. § 2243. As such, Hess's habeas petition will be denied.

## CONCLUSION

For the reasons stated above, it is **ORDERED** that Hess's petition for a writ of habeas corpus, R. 2, is **DENIED**.

This the 14th day of September, 2010.

Signed By:
*Amul R. Thapar* AT
United States District Judge